

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **STEPHENS TAYLOR, M.D.,** | ) | |
| **LOUISA TAYLOR, and THE** | ) | |
| **VASCULAR SURGERY CENTER** | ) | |
| **OF HUNTSVILLE, P.C.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:  5:05-CV-2137-VEH** |
| | ) | |
| **THE HEALTHCARE AUTHORITY** | ) | |
| **OF THE CITY OF HUNTSVILLE** | ) | |
| **d/b/a HUNTSVILLE HOSPITAL, et** | ) | |
| **al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

On November 30, 2009, this court entered a Memorandum Opinion (doc. 92) and Order of Dismissal (doc. 93) granting Defendants' Motion for Partial Summary Judgment.  All remaining claims in this lawsuit were dismissed with prejudice.  This matter is presently before the court on a "Motion to Alter, Amend, or Vacate Pursuant to Rule 59" (doc. 94) filed by Plaintiff Louisa Taylor.  Mrs. Taylor asserts that this court erred in granting summary judgment in Defendants' favor as to her claim for invasion of privacy.  Defendants oppose the motion.  (Doc. 99).  After careful consideration of the parties' briefs and the record in this case, the court finds that

Mrs. Taylor's motion is due to be **DENIED**.

A Rule 59(e) motion under the Federal Rules of Civil Procedure seeks to alter or amend a judgment and must be filed no later than twenty-eight days after the entry of judgment. *See* FED. R. CIV. P. 59(e). Mrs. Taylor's motion is timely. In order for a Rule 59(e) motion to be granted, a party must identify "newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (internal quotation marks omitted). A Rule 59(e) motion cannot be used to re-litigate matters that already have been considered. *See id.* Moreover, such a motion cannot be used to raise arguments or present evidence that could have been raised before the judgment was entered. *See id.*

This case has a complicated and arduous history. That said, the issues presented by Mrs. Taylor's motion are fairly straightforward. Defendants, in their Motion for Partial Summary Judgment, argued that Plaintiffs' claims, including Mrs. Taylor's invasion of privacy claim, were barred by the immunity provided for under the Health Care Quality Improvement Act ("HCQIA"), 42 U.S.C. §11101 *et seq.* (*See* Motion for Partial Summary Judgment, doc. 42, p. 1 (Plaintiffs' "claims for damages in Counts 4, 5, 6, 8, 9, 10, 11,[1] 12, 13, 14, 18, [and] 19 are barred by the immunity provided by [HCQIA]"); Defendants' Brief in Support of Partial Summary Judgment,

---

[1] Count 11 contains Mrs. Taylor's state law invasion of privacy claim.

doc. 43, pp. 31-56).  Plaintiffs advanced arguments on this issue in opposition to summary judgment.  (*See* Plaintiffs' Amended Opposition to Defendants' Motion for Partial Summary Judgment and Brief Thereon; doc. 59, pp. 59-85 (responding to Defendants' HCQIA arguments)).  However, the court held that HCQIA immunity barred, among other claims, Mrs. Taylor's invasion of privacy claim.  (Memorandum of Opinion, doc. 92, pp. 21-41).

In the instant motion, Mrs. Taylor argues that HCQIA immunity does not apply to Mrs. Taylor's claim because "HCQIA applies to suits by physicians, not claims by third-parties."  (Doc. 94, p. 3).  In support of that argument, Mrs. Taylor relies exclusively on the plain language of 42 U.S.C. § 11112 and the legislative history regarding HCQIA.[2]  She does not cite to any case law, binding or otherwise, in support of her position.  In fact, she concedes that this is seemingly an issue of first impression.

In their opposition to the motion at bar, Defendants agree that the legal issue

---

[2] The court notes that Mrs. Taylor argues that the statutory language alone is sufficient to support her position.  Further, she does not contend that HCQIA is unclear.  This court agrees that the statutory language is clear. As a consequence, this court need not and will not look to the legislative history of HCQIA in an effort to determine the meaning of the statutory language.  *See Harris v. Garner*, 216 F.3d 970, 976 (11th Cir. 2000) (*en banc*) ("When the import of the words Congress has used is clear, as it is here, we need not resort to legislative history, and we certainly should not do so to undermine the plain meaning of the statutory language.") (citing *United States v. Steele*, 147 F.3d 1316, 1318 (11th Cir. 1998) (*en banc*) ("Where the language Congress chose to express its intent is clear and unambiguous, that is as far as we go to ascertain its intent because we must presume that Congress said what it meant and meant what it said.")).

raised by Mrs. Taylor has not been addressed by any court, and they urge this court not to undertake the matter at this juncture.  Moreover, Defendants note and Mrs. Taylor admits that she did not raise this argument in opposition to summary judgment.  (*See* doc. 99, p. 2; doc. 100, p. 2 ("It is true that Mrs. Taylor did not make the precise argument that she makes here.")).  Defendants argue that allowing Mrs. Taylor to assert a novel argument after the court ruled on summary judgment is unfair because it gives her "another bite at the apple."  (Doc. 99, p. 2).  Indeed, the court has reviewed Plaintiffs' amended brief in opposition to summary judgment, which is ninety-seven pages in length.  Even when that pleading is construed liberally, she does not raise the argument that HCQIA immunity is applicable only to actions brought by physicians.  "The purpose of a Rule 59(e) motion is not to raise an argument that was previously available, but not pressed."  *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998); *see also Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005) (a party "cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment"); *Mincey v. Head*, 206 F.3d 1106, 1137 n.69 (11th Cir. 2000) (noting that "[t]he function of a motion to alter or amend a judgment is not to serve as a vehicle to relitigate old matters or present the case under a new legal theory . . . or to give the moving party another bite at the apple by permitting the arguing of

4

issues and procedures that could and should have been raised prior to judgment . . . it is not an abuse of the court's discretion to deny a Rule 59(e) motion that requests an amendment that relates to a matter that could have been raised before the judgment was entered") (internal marks and citations omitted).  As such, the argument is not properly raised in a Rule 59 motion.

Also, arguments that could have been but were not raised in opposition to summary judgment are properly deemed abandoned.  *See, e.g.*, *Chapman v. AI Transport*, 229 F.3d 1012, 1027 (11th Cir. 2000) ("Parties opposing summary judgment are appropriately charged with the responsibility of marshaling and presenting their evidence before summary judgment is granted, not afterwards."); *Lazzara v. Howard A. Esser, Inc*., 802 F.2d 260, 269 (7th Cir. 1986) (holding that a ground not pressed in opposition to a motion for summary judgment is to be treated by the district court as abandoned)); *Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1030 (5th Cir. Unit B Aug. 5, 1982)[3] (generally noting that "[f]ailure to brief and argue an issue is grounds for finding that the issue has been abandoned").

In light of the record and the fact that Mrs. Taylor was permitted to file two responses to Defendants' Motion for Partial Summary Judgment (docs. 56, 59), this

---

[3] In *Stein v. Reynolds Securities, Inc*., 667 F.2d 33, 34 (11th Cir. 1982), the Eleventh Circuit adopted as binding precedent all decisions of the Unit B panel of the former Fifth Circuit handed down after September 30, 1981.

court agrees with Defendants that further litigation regarding HCQIA immunity at this stage in the proceedings is neither warranted nor just.  Moreover, Mrs. Taylor does not argue how the canons of statutory construction justify the judicial interpretation of HCQIA she advances.  It is not up to the court to make a litigant's arguments for her.  Courts are not obligated to read a party's mind or to construct arguments that she failed to expressly raise or that are not reasonably presented in the court file.  *See Resolution Trust Corp. v. Dunmar Corp.,* 43 F.3d 587, 599 (11th Cir. 1995) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it . . . ."); *see also Higgins v. New Balance Athletic Shoe, Inc.,* 194 F.3d 252, 260 (1st Cir. 1999) (declaring that a "party who aspires to oppose a . . . motion must spell out his arguments squarely and distinctly, or else forever hold his peace," as a district court may ignore arguments that are not adequately developed by a nonmovant). Clearly, "the onus is upon the parties to formulate arguments." *Resolution Trust,* 43 F.3d at 599; *Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.,* 124 F.Supp.2d 1228, 1236 (M.D. Ala. 2000) ("It is not for the court to manufacture arguments on Plaintiff's behalf.").

        In the alternative, Mrs. Taylor's argument is rejected because the plain language of the material portions of HCQIA does not limit the Act's immunity to lawsuits brought only by those physicians who are the subject of professional review

6

actions.  Mrs. Taylor bases her interpretation of HCQIA on the repeated use of the word "physician" in the statutory language of 42 U.S.C. § 11112.  There is no express language in § 11112 to support Mrs. Taylor's argued limitation on the scope of HCQIA immunity.  Moreover, that section is not the provision of HCQIA that establishes the statute's immunity.  As such, § 11112 is not the statutory provision that should be examined in light of the argument Mrs. Taylor raises.

Immunity from damages is found, rather, at 42 U.S.C. § 11111(a).  That statutory section provides, in relevant part, as follows:

> If a professional review action (as defined in section 11151(9) of this title) of a professional review body meets all the standards specified in section 11112(a) of this title, except as provided in subsection (b) of this section--
>
> (A)    the professional review body,
>
> (B)    any person acting as a member or staff to the body,
>
> (C)    any person under a contract or other formal agreement with the body, and
>
> (D)    any person who participates with or assists the body with respect to the action,
>
> shall not be liable in damages under <u>any law of the United States or of any State</u> (or political subdivision thereof) with respect to the action. The preceding sentence shall not apply to damages under any law of the United States or any State relating to the civil rights of any person or persons, including the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq. and the Civil Rights Acts, 42 U.S.C. 1981, et seq. Nothing in this

paragraph shall prevent the United States or any Attorney General of a State from bringing an action, including an action under section 15c of Title 15, where such an action is otherwise authorized.

42 U.S.C. § 11111(a)(1) (emphasis supplied).

Mrs. Taylor did not seek any redress other than damages for her invasion of privacy claim.[4] (Complaint, doc. 1, p. 84). "Any law" clearly would include Mrs. Taylor's state law invasion of privacy claim. 42 U.S.C. § 11111(a)(1). Also, Congress set out two exceptions to its "any law" damages immunity, and Mrs. Taylor's invasion of privacy claim does not fall within either statutory exception. There is no language in 42 U.S.C. § 11111(a)(1) that in any way limits the immunity

---

[4] Count 11, which embodies Mrs. Taylor's invasion of privacy claim, demands only monetary damages. (Complaint, doc. 1, p. 84). As such, it does not appear to this court that Mrs. Taylor made a demand for injunctive or declaratory relief as to her invasion of privacy claim. However, Plaintiffs' Complaint generally seeks injunctive and declaratory relief. (Complaint, doc. 1, p. 2) ("Plaintiffs seek monetary, injunctive, declaratory, and other appropriate relief to redress these intentional violations of their rights."). Because Mrs. Taylor did not claim or allege a factual basis for any likelihood of future invasions of her (or anyone else's) privacy by Defendants, there is no basis for her to seek injunctive relief with regard to her invasion of privacy claim. *See Alabama v. U.S. Army Corps of Engineers*, 424 F.3d 1117, 1127 (11th Cir. 2005) ("[T]o obtain a permanent injunction, a party must show: (1) that he has prevailed in establishing the violation of the right asserted in his complaint; (2) there is no adequate remedy at law for the violation of this right; and (3) irreparable harm will result if the court does not order injunctive relief."). Alternatively, if her Complaint is construed as seeking injunctive or declaratory remedies under her invasion of privacy claim, because Mrs. Taylor did not argue, either in opposition to summary judgment or even in the present motion, that summary judgment was inappropriate under HCQIA as to her prayer for injunctive or declaratory relief regarding her invasion of privacy claim, and any arguments she could have raised but did not are deemed abandoned. *See Fehlhaber*, 681 F.2d at 1030 (an argument not raised at the appropriate time is properly considered abandoned). Also, Mrs. Taylor waived any argument that her invasion of privacy claim should survive summary judgment as to those remedies (if indeed she sought such remedies) by not raising that argument at any time. *Id.*

provided by HCQIA in the way Mrs. Taylor suggests, and this court will not insert language or meaning into HCQIA that is simply not evidenced by the clear and unambiguous language of the statute. *See United States v. Steele*, 147 F.3d 1316, 1318 ("Where the language Congress chose to express its intent is clear and unambiguous, that is as far as we go to ascertain its intent because we must presume that Congress said what it meant and meant what it said.").

Although, as Mrs. Taylor argues, the immunity provided in § 11111(a) does not apply unless the professional review action meets the standards set out in § 11112(a), the court found, in its opinion, that the professional review action challenged by Mrs. Taylor did meet those standards. (*See* Memorandum of Opinion, doc. 92, pp. 24-34). Mrs. Taylor does not challenge those findings but instead seeks to exempt all claims by non-physicians from the immunity otherwise provided by § 11111(a). The court finds no basis in the language of § 11111(a) or § 11112(a) for such an exemption.

Accordingly, for the foregoing reasons, Mrs. Taylor's Motion to Alter, Amend, or Vacate Pursuant to Rule 59 is **DENIED**.

9

**DONE** and **ORDERED** this the 18th day of March, 2010.

**VIRGINIA EMERSON HOPKINS**
United States District Judge